UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RICHARD ALLEN COPE,

    Plaintiff,

v.       CAUSE NO. 3:21-CV-633-DRL-MGG

LAPORTE COUNTY *et al.*,

    Defendants.

## OPINION AND ORDER

Richard Allen Cope, a prisoner without a lawyer, filed a complaint against LaPorte County, Sheriff John Boyd, and Director of Treatment Services Tyra Walker alleging that he is being denied adequate mental health treatment while housed at the LaPorte County Jail. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court sto;; must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Mr. Cope, a pretrial detainee at the LaPorte County Jail, alleges that he has been denied necessary mental health treatment since arriving at the jail on February 2, 2021. In mid-February, Mr. Cope spoke with Tyra Walker, a social worker and director of treatment services at the jail. Mr. Cope asked to be seen by a psychiatrist for mental health concerns. She responded by indicating that the jail had adopted her policy of "puzzles

not pills" for inmates at the jail suffering from mental illness. In late February, Ms. Walker told Mr. Cope that he would not be seen by a doctor who could prescribe psychiatric medications. She further indicated that the unwritten jail policy was that only inmates that are homicidal, suicidal, or hearing voices are allowed to see a psychiatrist. In late February or early March, Ms. Walker concluded that Mr. Cope did not suffer from any mental illness that warranted being seen by a psychiatrist. At some point, Mr. Walker provided Mr. Cope with puzzles, consistent with her "puzzles not pills" policy. From March until June, Mr. Cope did not seek any additional assistance from Ms. Walker because the puzzles she had provided were unhelpful and she was unwilling to do anything else for him.

In June, Mr. Cope's application for social security income was approved. *See* ECF 1-1. This decision was based in part on medical evidence showing that Mr. Cope suffers from severe impairments including schizoaffective disorder, bipolar disorder, and attention deficit and hyperactivity disorder. On July 5, 2021, Mr. Cope notified Ms. Walker of the decision on his disability claim. On July 9, 2021, Mr. Cope asked to be seen by a doctor for mental health treatment. She responded by asking Mr. Cope "what [his] intervention was." ECF 1 at 9. Around July 13, 2021, Mr. Cope submitted a health care request asking why he was not receiving adequate mental health treatment for his severe mental illness. Ms. Walker did not respond.

On July 14, 2021, Mr. Cope sent a mental health care request to Ms. Walker asking to be sent to Logansport for an examination. She responded the next day by indicating

that he did not fit the criteria to be sent to Logansport and asking what "supportive interventions" he wanted to work on.

Around this same time, Ms. Walker responded to a request for medication by asking about Mr. Cope's symptoms. Mr. Cope thinks this is inappropriate since she is not licensed to prescribe medication. He responded as follows: "Being here for nearly six months and not being provided with any adequate mental health treatment or medication." *Id.* at 11. His response was treated as a refusal of therapeutic intervention.

"[M]edical-care claims brought by pretrial detainees under the Fourteenth Amendment are subject only to the objective unreasonableness inquiry identified in *Kingsley* [*v. Hendrickson*, 576 U.S. 389 (2015)]." *Miranda v. Cnty. of Lake*, 900 F.3d 335, 352 (7th Cir. 2018). The first consideration is whether the defendants "acted purposefully, knowingly, or perhaps even recklessly when they considered the consequences of their handling of plaintiff's case." *McCann v. Ogle Cnty.*, 909 F.3d 881, 886 (7th Cir. 2018) (quotation marks, brackets, and citations omitted). Then the court considers "whether the challenged conduct was objectively reasonable," based on the totality of the facts and circumstances. *Id.* Giving Mr. Cope the benefit of the inferences to which he is entitled at this early stage, he has stated a claim against Ms. Walker and Sheriff John Boyd in their individual capacities. He may also proceed against Sheriff Boyd in his official capacity for injunctive relief. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011)

Mr. Cope alleges that Sheriff Boyd has a policy of denying adequate mental health treatment by not maintaining adequate mental health staff. Mr. Cope has not pleaded facts from which it can be plausibly inferred that any decisions regarding his mental

health treatment were the result of inadequate staffing. Therefore, he may not proceed on this claim.

Mr. Cope also alleges that Sheriff Boyd failed to train staff how to interact with mentally ill inmates. "An allegation of a 'failure to train' is available only in limited circumstances," and this is not such a case. *Cornfield v. Consolidated High School Dist. No. 230*, 991 F.2d 1316, 1327 (7th Cir. 1993). A failure to train claim requires that "the policymakers had acquiesced in a pattern of constitutional violations," but Mr. Cope's complaint does not allege a pattern of constitutional violations. Therefore, he may not proceed on this claim.

Mr. Cope notes that the jail's policy states that adequate medical care is to be provided. He faults the policy for not listing mental health care separately from other health care. But the jail provides a procedure for requesting mental health care: these requests are to be submitted to the Director of Treatment Services on a mental health request form. Mr. Cope complains that these requests are then reviewed by Ms. Walker even though she is not licensed to prescribe psychiatric medications. The Constitution, however, does not mandate that requests for mental health care be reviewed by someone with the power to prescribe psychiatric medications.

Mr. Cope also alleges that Sheriff Boyd has a policy of destroying electronic copies of grievance documents after thirty days, making it difficult for inmates to demonstrate they have exhausted their administrative remedies prior to initiating a lawsuit. Mr. Cope has no constitutional right to access the grievance process. *See Grieveson v. Anderson*, 538 F.3d 763, 770 (7th Cir. 2008) (noting that there is not a Fourteenth Amendment substantive

due process right to an inmate grievance procedure). Therefore, he may not proceed on this claim.

Mr. Cape further asserts that the defendants are denying him mental health treatment in retaliation for filing a separate lawsuit against Sheriff Boyd and jail staff in 2017. *See Cope v. Wilcher*, 3:17-CV-693-RLM-MGG (filed Sept. 11, 2017). To prevail on a First Amendment retaliation claim, [Mr. Cope] must show that (1) he engaged in activity protected by the First Amendment; (2) he suffered a deprivation that would likely deter First Amendment activity in the future; and (3) the First Amendment activity was at least a motivating factor in the Defendants' decision to take the retaliatory action." *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012) (quotation marks and citations omitted). Here, Mr. Cope has engaged in activity protected by the First Amendment. However, he has not alleged facts from which it can be plausibly inferred that the filing of a lawsuit in 2017 motivated Sheriff Boyd or Ms. Walker to deny Mr. Cope mental health treatment in 2021. Therefore, he may not proceed on this claim.

Mr. Cope also asserts that the defendants are retaliating against him by denying him mental health care because of his past criminal conduct and his decision to represent himself in a pending criminal prosecution. It is unclear how his past criminal conduct or his decision to proceed without the benefit of counsel in a pending criminal case are activities protected by the First Amendment. But even if they are, Mr. Cope has not pleaded any facts from which it can be plausibly inferred that either was a motivating factor in the decisions to deny Mr. Cope mental health care.

Mr. Cope also named LaPorte County as a defendant. Under Indiana law, a county jail is under the supervision of the county sheriff, the responsibility of administering and operating the jail is placed solely on the sheriff, and the sheriff is responsible for the care of the prisoners confined there. Ind. Code § 36-2-13-5(a)(7). The county is not vicariously liable for the acts of a sheriff or an employee of the sheriff's department. *Carver v. Crawford*, 564 N.E.2d 330, 334 (Ind.App.1990).

Last, the court must address Mr. Cope's request for class certification. It would be "plain error to permit this imprisoned litigant who is unassisted by counsel to represent his fellow inmates in a class action." *Oxendine v. Williams*, 509 F.2d 1405, 1407 (4th Cir. 1975); *see also Hagan v. Rogers*, 570 F.3d 146, 159 (3rd Cir. 2009). "Under Rule 23(a)(4), a class representative must fairly and adequately protect the interests of the class. A litigant may bring his own claims to federal court without counsel, but not the claims of others. This is so because the competence of a layman is clearly too limited to allow him to risk the rights of others." *Fymbo v. State Farm*, 213 F.3d 1320, 1321 (10th Cir. 2000) (citations and quotations omitted). Mr. Cope may only represent himself on his own claims.

For these reasons, the court:

(1) GRANTS Richard Allen Cope leave to proceed against Tyra Walker and Sheriff John Boyd in their individual capacities for compensatory and punitive damages for maintaining policies regarding mental health treatment that deprived Mr. Cope of necessary mental health treatment for his serious mental health conditions, in violation of the Fourteenth Amendment;

6

(2) GRANTS Richard Allen Cope leave to proceed against Sheriff John Boyd in his official capacities for injunctive relief to receive necessary mental health treatment for his serious mental health conditions, as required by the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DISMISSES LaPorte County;

(5) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Tyra Walker at Quality Correctional Care, LLC, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sheriff John Boyd at LaPorte County Sheriff's Department, with a copy of this order and the complaint (ECF 1), pursuant to 28 U.S.C. § 1915(d);

(7) ORDERS Quality Correctional Care, LLC, and LaPorte County Sheriff's Department to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

(8) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Tyra Walker and Sheriff John Boyd to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED.

December 17, 2021

*s/ Damon R. Leichty*
Judge, United States District Court